**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DANIEL BRATTON,

                            Plaintiff

                   - v -                        Civ. No. 9:03-CV-1458
                                                         (DNH/RFT)

DANIEL BAKER, Director/Designer; EDWARD
WILKOWSKI; STERLING REFERENCE LABORATORIES;
CHARLES BOUR, Parole Revocation Specialist,

                            Defendants.

**APPEARANCES:**                                           **OF COUNSEL:**

LARRY A. BRATTON
Plaintiff, *Pro se*
772 Elm Street Extension
Ithaca, New York 14850

HON. ELIOT SPITZER                                 SENTA B. SUIDA, ESQ.
Attorney General of the State of New York       Assistant Attorney General
Attorney for Defendants Wilkowski and Bour
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204

O'CONNOR, GACIOCH LAW FIRM                HUGH B. LEONARD, ESQ.
Attorney for Defendants Baker and Sterling Reference Laboratories
P.O. Box 1964
One Marine Midland Plaza
East Tower, 7th Floor
Binghamton, New York 13902

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION and ORDER

      Plaintiff Larry Bratton brings this *pro se* action, pursuant to 42 U.S.C. §§ 1983, 1985, and

1986, alleging the Defendants conspired to and did violate his due process rights at his parole

revocation hearing. Dkt. No. 7, Am. Compl. All Defendants have moved to dismiss the Amended Complaint, pursuant to FED. R. CIV. P. 12(b)(6). Dkt. Nos. 21, 25, & 31 (Defendants Bour's and Wilkowski's Motion to Dismiss); Dkt. Nos. 24 & 36 (Defendants Baker's and Sterling Reference Laboratories's Motion to Dismiss). Plaintiff opposes the Motions. Dkt. No. 30.[1] Because Plaintiff's entire Amended Complaint is barred by the Supreme Court ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), it is recommended that Defendants' Motions be **granted** and Plaintiff's Amended Complaint be **dismissed** in its entirety.

## I. BACKGROUND

The following material facts are taken from the Plaintiff's Amended Complaint, which, on a Motion to Dismiss, this Court must accept at true. On July 15, 2003, Bratton reported to the parole reporting station in Ithaca, New York, and was ordered by his parole officer, Defendant Edward Wilkowski,[2] to submit a urine sample, which Plaintiff complied. Dkt. No. 7, Am. Compl. at ¶ 7. Plaintiff was then dismissed by Wilkowski and told to return to the Tompkins County "Community Justice Center" (CJC). *Id*. Unbeknownst to Plaintiff, Wilkowski conducted an "onsite" drug test of Plaintiff's urine. *Id*. at ¶ 8. Also without Plaintiff's knowledge or consent, Defendant Wilkowski submitted a urine specimen, allegedly received from Plaintiff, to Defendant Sterling Reference Laboratories (SRL). Defendant Charles Bour, "parole specialist," is alleged to have aided Defendant Wilkowski. *Id*. at ¶ 19. Upon arrival at CJC, Bratton was informed that his urine had tested positive for cocaine and was ordered to submit a urine sample to CJC staff for them to test.

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Plaintiff refers to this Defendant as "Wijkowski," however, upon information and belief, the correct spelling of this Defendant's name is "Wilkowski" as reflected in the Court's Docket Report. *See* Dkt. No. 21 at p. 1 (noting the correct spelling).

*Id*. at ¶ 11.  Approximately two hours later, Plaintiff was placed under arrest.  *Id*.

On or about July 23, 2003, Plaintiff received a preliminary hearing for violating his conditions of parole due to the charge of cocaine use.  *Id*. at ¶ 12.  On or about October 28, 2003, Plaintiff received a final parole revocation hearing.  *Id*.  Defendant Wilkowski testified at both hearings and introduced documents from SRL and Defendant Daniel Baker, Director/Designee of SRL, as evidence in support of allegations that Plaintiff used cocaine.  *Id*.

Plaintiff claims that the manner in which his sample was tested, both onsite and at SRL, and submitted to SRL, was improper and that Defendants conspired to use the results from the improper tests to find probable cause at his preliminary hearing.  *Id*. at ¶¶ 8-16 & 28.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

On a motion to dismiss, the allegations of the complaint must be accepted as true.  *See Cruz v. Beto*, 405 U.S. 319, 322 (1972).  "Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, and matters to which the court may take judicial notice."  *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997).  On a motion to dismiss, the trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980).  "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *See Retail Clerks Intern. Ass'n, Local 1625,*

*AFL-CIO v. Schermerhorn*, 373 U.S. 746, 753 n. 6 (1963).  Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged.  *See id.; see also Wheeldin v. Wheeler*, 373 U.S. 647, 648 (1963) (inferring facts from allegations of complaint).  In construing the complaint favorably to the pleader, the court may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *see also Scheuer v. Rhodes*, 416 U.S. at 236; *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994).  In spite of the deference the court is bound to give to the plaintiff's allegations, however, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Preliminarily, we must address the fact that in support of his opposition to Defendants' Motions, Bratton submitted various exhibits.  Rule 12(b) gives district courts two options when matters outside the pleadings are presented in response to a 12(b)(6) motion: The court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment under FED. R. CIV. P. 56 and afford all parties the opportunity to present supporting material.  *See* FED. R. CIV. P. 12(b); *see also Kopec v. Coughlin*, 922 F.2d 152, 155-56 (2d Cir. 1991); 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (2d ed. 1990).

Plaintiff filed his initial Complaint on December 8, 2003, which was approved by this Court on December 16, 2003.  Dkt. Nos. 1 & 5, respectively.  On January 5, 2004, prior to any responsive

pleading being filed, Plaintiff filed an Amended Complaint as of right. Dkt. No. 7; FED. R. CIV. P. 15(a) (a party may amend his pleading "once as a matter of course at any time before a responsive pleading is served."). In approving Plaintiff's Amended Complaint, this Court noted that such pleading would replace *in toto* Plaintiff's Complaint. *See* Dkt. No. 9 at p. 2. Plaintiff's original Complaint included multiple Exhibits, while his Amended Complaint did not. However, his Amended Complaint makes reference to these same exhibits. Extending this Circuit's policy of leniency to a *pro se*'s pleadings, we find that Bratton intended that Exhibits A-F, attached to his original Complaint, to be included as a part of his Amended Complaint. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (noting policy of reading *pro se* pleadings liberally); *see also Wachtmeister v. Swiesz*, 2002 WL 1585526, at *2 (N.D.N.Y. June 12, 2002) (citing *Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("When determining the sufficiency of plaintiff's claim, for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiff's complaint, to documents attached to the complaint as an exhibit or incorporated by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit.")). Upon further review of Plaintiff's Opposition, we note that Exhibits A, B, and C are identical to the Exhibits, incorporated by reference in his Amended Complaint, labeled A, D, and B, respectively. *Compare* Dkt. No. 1, Exs. A, D, & B, *with* Dkt. No. 30, Exs. A, B, & C. However, with respect to Plaintiff's Exhibit D submitted in support of his opposition to Defendants' Motions, we note that the Court has never received such Exhibit insofar as it was not referenced in either pleading Plaintiff filed with the Court and that consideration of this Exhibit would not aid in the adjudication of the present Motions. *See Estate of Lennon v. Screen Creations, Ltd.*, 939 F. Supp. 287, 292 (S.D.N.Y. 1996)

(citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 at 493 (2d ed. 1990) (in deciding whether to convert a motion to dismiss to one for summary judgment when matters outside the pleadings are submitted, the court should consider whether the conversion "is likely to facilitate the disposition of the action").  Therefore, Plaintiff's Exhibit D submitted in support of his opposition shall not be considered.

Furthermore, in support of their Motions to Dismiss, Defendants ask the Court to take judicial notice of the fact that, at the time Plaintiff initiated his action he was in the Department of Correctional Services (DOCS) custody on a return from parole/conditional release and that his next parole hearing type is a "parole violator reappearance."  Dkt. No. 21, Senta Suida, Assistant Attorney General (AAG), Affirm. at ¶ 4; Dkt. No. 24, Hugh Leonard, Esq., Affirm. at ¶ 3.  We find that the Exhibit attached to AAG Suida's Affirmation is a public document for which the Court may properly take judicial notice of.  *Marcus v. AT & T Corp.*, 938 F. Supp. 1158, 1164-65 (S.D.N.Y. 1996) (court may take judicial notice of public documents even if not included in or attached to complaint).  We also find that the DOCS Inmate Population Information site is a matter of public record which this Court may properly take judicial notice of on these Motions to Dismiss.  *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (taking judicial notice on Rule 12(b)(6) motion of public documents filed with SEC).

In light of the above, the Court's consideration of the parties' Exhibits does not warrant conversion of the present Motions into summary judgment motions.  The Court will now address the merits of Defendants' Motions.

### B.  The *Heck* Rule

Plaintiff asserts eight causes of action in his Amended Complaint against all four

Defendants, pursuant to 42 U.S.C. §§ 1983, 1985, and 1986.  Essentially, Plaintiff claims that the Defendants conspired to violate, and did violate, his due process rights when they improperly collected and tested his urine sample without following proper procedure with regard to testing, labeling, transferring, and documenting a chain of custody.  Because Plaintiff's parole status was revoked in a parole revocation hearing due to the fact that his urine tested positive for cocaine use, for which Plaintiff was incarcerated, his § 1983 claims are barred by the Supreme Court ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck v. Humphrey*, the Supreme Court was faced with a situation wherein a prisoner plaintiff sought monetary damages for alleged wrongs or inadequacies associated with his conviction.  In *Heck*, the plaintiff asserted, in part, that the county prosecutor and state police investigator had engaged in "unlawful, unreasonable, and arbitrary investigation [and] . . . knowingly destroyed evidence which was exculpatory in nature . . . ."  *Heck*, 512 U.S. at 479 (quoting plaintiff's complaint).  In sum, as in the present case, Heck alleged that his criminal conviction was procured as a result of the defendants' unlawful acts.  Because Heck's complaint sought only compensatory and punitive monetary damages, and did not seek injunctive relief, *i.e.*, release from custody, the Court granted *certiorari* to address an issue left open in previous cases: Can a prisoner bringing suit for monetary damages pursuant to § 1983 be said to be attacking the fact or length of his or her confinement?  Ultimately, the Court held that Heck's § 1983 claim was not cognizable because his damages claim, if granted, would demonstrate the invalidity of his conviction.  *Id*. at 486.  The Court then established a framework for courts to use when faced with a similar situation, which has come to be known as the *Heck* Rule:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment,

> or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 486-87 (footnote omitted) (cited in *Jenkins v. Haubert*, 179 F.3d 19, 24 (2d Cir.1999)).

This rule does not impose an exhaustion requirement upon a § 1983 plaintiff, but rather, "den[ies] the existence of a cause of action." *Heck*, 512 U.S. at 489. In construing the *Heck* Rule, the Second Circuit held that

> to comply with the *Heck* rule, a prisoner, as a prerequisite to maintaining his § 1983 action, must establish that his conviction or sentence has been overturned or invalidated by an administrative board or a state court or a federal court in a habeas proceeding. Or, if the suit is not explicitly directed at an unlawful conviction or sentence, the prisoner must establish that his suit does not necessarily imply the invalidity of his conviction or sentence.

*Jenkins*, 179 F.3d at 24-25 (citing *Heck*, 512 U.S. at 489).

In the case at bar, regardless of whether his claims are construed as alleging civil rights violations as a result of the Defendants' purportedly inept processing and improper testing of Plaintiff's urine specimen, it is clear that Bratton is ineluctably challenging the very basis of his parole revocation and subsequent re-incarceration. Thus, any determination on his civil damages claim would ultimately call into question the validity of such parole revocation. His claims are therefore not cognizable under § 1983 absent a showing that his conviction or sentence has been overturned or invalidated. Bratton has not made such a showing. While Bratton does not overtly challenge the outcome of his parole revocation hearing, that being his re-incarceration, he nevertheless challenges not only the validity but the constitutionality of the evidence which supported such conviction. *See Harris v. City of New York*, 2003 WL 554745 (S.D.N.Y. Feb. 26, 2003); *Davis v. Cotov*, 214 F. Supp. 2d 310 (E.D.N.Y. 2002); *Douglas v. New York State Div. of*

*Parole*, 1998 WL 842338 (N.D.N.Y. Nov. 30, 1998); *McDaniel v. Stachowski*, 1995 WL 428619 (W.D.N.Y. July 17, 1995), *aff'd*, 104 F.3d 349 (2d Cir. 1996) (unpublished opinion). In this regard, were a Court to rule in Plaintiff's favor on his claims that the Defendants conspired to and did violate his due process rights when they improperly tested his urine and improperly followed the correct chain of custody procedures in forwarding his specimen to SRL, such ruling would invalidate the conviction resulting from Plaintiff's alleged drug use.[3] Thus, since Plaintiff has not, and cannot at this juncture, meet the prerequisite to bringing a § 1983 claim, and the bases set forth in his Amended Complaint would call into question the validity of his conviction, this Court recommends **granting** Defendants' Motions and **dismissing** Plaintiff's claims against them **without prejudice**.[4]

Similarly, Plaintiff's claims pursuant to §§ 1985 and 1986 are barred by the *Heck* Rule since the bases for such claims is the alleged conspiracy amongst all four Defendants in denying Bratton's due process rights. *See Amaker v. Weiner*, 179 F.3d at 51-52; *see also Candelaria v. Greifinger*, 1997 WL 642464 (N.D.N.Y. Oct. 14, 1997). Such claims, if ruled in Plaintiff's favor, would necessarily implicate the invalidity of his parole revocation and ensuing incarceration and are therefore barred. Accordingly, we recommend **dismissal** of Plaintiff's §§ 1985 and 1986 claims. The Court need not consider any alternative grounds submitted for dismissal, *i.e.*, exhaustion of

---

[3] In his Opposition papers, Plaintiff argues that *Heck* would not bar his claims of abuse of process. Dkt. No. 30. First we note that Plaintiff has not pled a cause of action for abuse of process either under pendant state jurisdiction or in his § 1983 claim. In any event, were this Court to liberally construe Plaintiff's pleading as properly raising abuse of process, we note that the *Heck* Rule would still present a barricade to this Court reviewing the merits therewith since a determination in Bratton's favor on such a claim would invariably imply the invalidity of his parole revocation.

[4] Plaintiff's claims should be dismissed without prejudice because such a claim would accrue in the event his parole revocation conviction or sentence is overturned. *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (disposition of a case on *Heck* grounds warrants "only dismissal *without* prejudice, because the suit may be reinstituted" in the event plaintiff's conviction is overturned).

administrative remedies, as it is clear that Plaintiff has not asserted cognizable claims pursuant to §§ 1983, 1985, and 1986. *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (declining to address the district court's alternate bases for dismissal after affirming the dismissal based upon application of the *Heck* Rule, because such grounds required inquiries beyond that permitted on a motion to dismiss).

**WHEREFORE**, based on the foregoing, it is hereby

**RECOMMENDED**, that Defendants' Motions to Dismiss (Dkt. Nos. 21 & 24) be **granted** and Plaintiff's entire Complaint be **dismissed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b), 6(a), & 6(e).

IT IS SO ORDERED

Dated: March 10, 2005
Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge