**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

LARRY A. BRATTON,[1]

                         Plaintiff

- v -                             Civ. No. 9:03-CV-1458
                                                    (DNH/RFT)

DANIEL BAKER, Director/Designer; EDWARD
WILKOWSKI; STERLING REFERENCE LABORATORIES;
CHARLES BOUR, Parole Revocation Specialist,

                         Defendants.

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| LARRY A. BRATTON<br>Plaintiff, *Pro se*<br>Tompkins County Jail<br>779 Warren Road<br>Ithaca, New York 14850 | |
| HON. ELIOT SPITZER<br>Attorney General of the State of New York<br>Attorney for Defendants Wilkowski and Bour<br>615 Erie Boulevard West<br>Suite 102<br>Syracuse, New York 13204 | SENTA B. SUIDA, ESQ.<br>Assistant Attorney General |
| O'CONNOR, GACIOCH LAW FIRM<br>Attorney for Defendants Baker and Sterling Reference Laboratories<br>P.O. Box 1964<br>One Marine Midland Plaza<br>East Tower, 7th Floor<br>Binghamton, New York 13902 | HUGH B. LEONARD, ESQ. |

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

## SUPPLEMENTAL REPORT-RECOMMENDATION and ORDER

On March 10, 2005, this Court issued a Report-Recommendation and Order, wherein we

---

[1] In our previous Report-Recommendation and Order, the Court mistakenly referred to the Plaintiff in the caption as "Daniel Bratton."

recommended granting the Defendants' Motions to Dismiss (Dkt. Nos. 21 & 24) and dismissing Plaintiff's entire Amended Complaint since it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Dkt. No. 48. Thereafter, on March 21, 2005, *pro se* Plaintiff Larry Bratton, filed objections to the recommendations of this Court. It appears that the sole basis for Plaintiff's objections are directed at our recommendations of dismissal of Defendants Baker and Sterling Reference Laboratories. Dkt. No. 49. Thereafter, on March 31, 2005, the Honorable David N. Hurd, United States District Judge, remanded the case back to this Court "for reconsideration in view of the Supreme Court case of *Wilkinson v. Dotson*, __ U.S. __ , 125 S.Ct. 1242 (2005), decided on March 7, 2005." Dkt. No. 51 at p. 2. Judge Hurd indicated that, upon remand, this Court, "in issuing an amended or supplemental report recommendation, . . . may request for further briefing and also consider the objections filed by plaintiff." *Id*.

We note at the outset that, in making our initial recommendations, we were aware of the Supreme Court decision in *Wilkinson* but found it inapplicable to the case at bar. However, because we failed to notify the parties and the District Judge of our consideration of that case, we submit this supplemental report to explain our reasons for finding the case inapplicable. We further note that, although Plaintiff only objects to the recommended dismissal of two of the four Defendants, the recommendations herein, supplementing our initial recommendations, shall be considered applicable to <u>all</u> Defendants.[2]

The facts giving rise to Plaintiff's eight causes of action are set forth in our initial Report-

---

[2] We make no determination or recommendation as to whether Plaintiff's objections effectively amounted to an abandonment of his claims against Defendants Edward Wilkowski and Charles Bour. Furthermore, in accordance with the dictates of Judge Hurd's Order of Remand, we only consider the applicability of *Wilkinson* to Plaintiff's Amended Complaint.

Recommendation and Order and familiarity therewith is presumed.

The Supreme Court issued its ruling in *Wilkinson* on March 7, 2005, three days prior to this Court's issuance of the initial Report-Recommendation. The Court was alerted to this impending decision by AAG Suida's Memorandum of Law submitted in support of the State Defendants' Motion to Dismiss. Dkt. No. 21, Mem. of Law at p. 3. The State Defendants noted that the Second Circuit had not explicitly ruled on the issue of whether the *Heck* Rule would apply to prisoners challenging parole revocations, but that other district courts in this Circuit have "prevent[ed] state prisoners from bringing Section 1983 actions challenging parole revocations unless those revocation decisions are reversed, or the underlying convictions are set aside." *Id*. (citing *Davis v. Cotov*, 214 F. Supp. 2d 310, 316-17 (E.D.N.Y. 2002); *Torres v. Stewart*, 263 F. Supp. 2d 463, 467 (D. Conn. 2003) (citing cases); *Hinton v. Moritz*, 11 F. Supp. 2d 272, 276-77 (W.D.N.Y. 1998); *Douglas v. New York State Division of Parole*, 1998 U.S. Dist. LEXIS 1604, at *6 (N.D.N.Y. Feb. 10, 1998) (Hurd, D.J.)). In finding Plaintiff's claims similarly barred by *Heck*, we cited, *inter alia*, some of the same cases propounded by AAG Suida. Further, in her Memorandum of Law, AAG Suida pointed out that the Supreme Court had recently granted *certiorari* in a Sixth Circuit case to decide this issue, and, reserved the State Defendants' right to file a supplemental memorandum of law should the Supreme Court issue a decision in conflict with their arguments. *Id*. We found then, as we do now, that a supplemental memorandum of law is unnecessary, considering that this Court was aware of the Supreme Court decision and weighed it, albeit without citing it in our Report-Recommendation. We further find, as explained below, that the Supreme Court's decision in *Wilkinson* does not conflict with either the Defendants' respective positions nor this Court's previous recommendations.

In *Wilkinson*, two state prisoners brought an action under 42 U.S.C. § 1983, claiming that Ohio's state parole procedures violate the Federal Constitution.³ 125 S.Ct. at 1244. Both prisoners in that case are serving lengthy prison terms in Ohio prisons and received unfavorable decision from the parole board regarding their **parole eligibility or suitability**.⁴ In both instances, new parole guidelines, adopted in 1998, were utilized in determining parole eligibility/suitability for these prisoners despite the fact that such guidelines were not in effect at the time the prisoners began their prison sentences. *Id*. at 1245. In challenging a variety of the parole eligibility/suitability procedures, including the retroactive application of the new guidelines, the prisoners sought declaratory and injunctive relief. Essentially, the prisoners sought new parole hearings and injunctions preventing the parole board from applying improper procedures at the new hearings; the prisoners did not seek judgments which would invalidate their convictions or sentences. *Id*.

First, the Court summarized the development of the "implicit exception from § 1983's otherwise broad scope for actions that lie within the core of habeas corpus." *Id*. at 1246-48 (quotation marks and citations omitted) (discussing reasoning and holdings in *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Wolff v. McDonnell*, 418 U.S. 539 (1974); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997)). The Court then stated:

> These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Id*. at 1248 (emphasis in original).

---

³ The two cases were consolidated on appeal to the Sixth Circuit. *Wilkinson*, 125 S.Ct. at 1245.

⁴ Respondent prisoner William Dotson, currently serving a life sentence, was denied parole eligibility, while respondent prisoner Rogerico Johnson, currently serving a ten to thirty year prison sentence, was denied parole for the lack of suitability. *Wilkinson*, 125 S.Ct. at 1245.

The Court then ruled that the prisoners in the case before them could challenge the parole procedures used in determining their parole eligibility/suitability, because the prisoners' success in their suits and the rendering invalid the state procedures used to deny parole eligibility/suitability would not "necessarily imply the invalidity of [their] conviction[s] or sentence[s]." *Id*. (alterations in original (citing *Heck*, 521 U.S. at 487). The Court indicated that success for inmate Dotson "does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed *consideration* of a new parole application," and for inmate Johnson, success means "at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term." *Id*. (emphasis in original).

The Plaintiff's claims herein are completely distinguishable from the prisoners in *Wilkinson*. Most conspicuously, unlike the prisoners in *Wilkinson*, Bratton is challenging the essence of his parole revocation conviction, that is, he challenges not the lawfulness of the procedures in place in testing his urine, but rather asserts that all of the Defendants failed to follow presumably lawful state procedures regarding consent, chain of custody, etc. The prisoners in *Wilkinson* were not challenging their underlying convictions for which they were serving prison sentences. By all accounts, a decision in Bratton's favor against any of the Defendants would necessarily call into question the validity of his parole revocation, a conviction that resulted in incarceration. By making such challenges to the validity of the evidence used at his parole revocation hearing, Bratton invariably seeks core *habeas* relief. *Wilkinson*, 125 S.Ct. at 1246 (citing *Preiser*, 411 U.S. at 489).

**WHEREFORE**, based on the foregoing, it is hereby

**RECOMMENDED**, that our previous recommendations (Dkt. No. 48), that Defendants' Motions to Dismiss (Dkt. Nos. 21 & 24) be **granted** and Plaintiff's entire Complaint be **dismissed**,

be re-submitted, along with a copy of this Supplemental Report-Recommendation and Order, to the District Judge for further consideration; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Supplemental Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b), 6(a), & 6(e).

IT IS SO ORDERED

Dated:     April 6, 2005
           Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge