UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
LARRY A. BRATTON,

                          Plaintiff,

  -v.-                                               9:03-CV-1458
                                                          (DNH)(RFT)

DANIEL BAKER, Director/Designee; EDWARD WILKOWSKI;
STERLING REFERENCE LABORATORIES; CHARLES BOUR,
Parole Revocation Specialist,

                         Defendants.
--------------------------------------------------------------------------

**APPEARANCES:**                          **OF COUNSEL:**

LARRY BRATTON
Plaintiff, *pro se*
01-A-6725
Cayuga Correctional Facility
PO Box 1186
Moravia, NY 13118

O'CONNOR, GACIOCH LAW FIRM        HUGH B. LEONARD, ESQ.
PO Box 1964
20 Hawley Street
Binghamton, NY 13902-1964

HON. ELIOT SPITZER                     SENTA B. SIUDA, ESQ.
Office of the Attorney General
State of New York
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204


RANDOLPH F. TREECE, MAGISTRATE JUDGE

**ORDER**

Presently before the Court is Plaintiff's Motion to Stay this action pending the outcome of a state court challenge to the parole revocation hearing, which is the predicate for Plaintiff's § 1983 claim. Dkt. No. 53. All of the Defendants have opposed to this Motion. Dkt. Nos. 55 & 57.

By way of background, this action was filed on December 8, 2003. Dkt. No. 1, Compl. On May 3, 2004, Defendants Daniel Baker and Sterling Laboratories filed a Motion to Dismiss. Dkt. No. 24. All Defendants sought, and were granted, permission to join that Motion. Dkt. No. 25. On March 10, 2005, a Report and Recommendation was issued by the undersigned, recommending that this case be dismissed based upon *Heck v. Humphrey*, 512 U.S. 477 (1994). Dkt. No. 48. On April 6, 2005, a Supplemental Report and Recommendation was issued by the undersigned, further concluding that this action was barred by *Heck*. Dkt. No. 52. Plaintiff has filed objections to both Report and Recommendations. Dkt. Nos. 49 and 54.

This Court is aware that "[t]he Supreme Court has held that a district court should limit its discretion to stay proceedings to 'exceptional circumstances.'" *Gibson v. City of New York*, 1998 WL 960303, *3 (E.D.N.Y. Dec. 9, 1998) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983)). Plaintiff seems to argue that this Court should stay this action so that, in the event the state court reverses the result of his parole revocation hearing, he will have a claim against the Defendants. However, this case has proceeded for nearly two years with full participation by all parties. A Motion to Dismiss has been filed and fully briefed by all

2

parties, and this matter is now ripe for a final determination on the merits.[1] The hope that some cause of action might accrue is not a basis upon which this Court is inclined to grant a stay. Moreover, assuming *agruendo* that Plaintiff is successful in his state court proceeding, he is not barred from pursuing these claims. *Cf. Woods v. Candela*, 47 F.3d 545, 546 (2d Cir. 1995).

Accordingly, Plaintiff's Motion to Stay this action must be **denied**.

WHEREFORE, it is hereby

ORDERED, that Plaintif"'s Motion to Stay (Dkt. No. 53) is **denied**; and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Date:   October 19, 2005
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge

---

[1] The Court notes that Plaintiff filed his state court proceeding over five (5) months after the Defendants filed their Motion to Dismiss in this action, and three (3) months after Plaintiff filed his Response to the Motion to Dismiss.